J. L. GURWELL, *Appellee*, v. CLARK FLOYD SHIMEALL,
*Appellant.*

No. 18,143.

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Set-off—Issue of Fact—Evidence—Verdict—
Judgment.* Where an issue of fact, upon which the evidence
is conflicting, determines the verdict and judgment, and a jury
has returned a verdict thereon which was approved by the
trial court and judgment has been accordingly rendered, this
court will not disturb the judgment.

Appeal from Norton district court. Opinion filed
May 10, 1913. Affirmed.

*R. W. Hemphill,* of Norton, for the appellant.
*W. N. Moore,* of Phillipsburg, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee had been employed for sev-
eral years by appellant as manager of a store. The
compensation for the services, it is agreed, was a cer-
tain salary per month and a commission. Settlements
had been made from year to year without disagree-
ment. After appellee had quit the service, appellant
sold the remaining stock without notice to appellee
and at a considerable reduction from the cost price.
During their association appellee loaned appellant
$1000 and took appellant's note therefor, which fell
due before this action was brought to recover the
amount due thereon. The appellant pleaded several
set-offs, all of which were agreed to or found in his
favor, except that he pleaded and testified that by the
contract of employment the appellee was to receive a
commission only on the net profits of the business;
that appellee had received from year to year a com-
mission on the goods sold at retail; that the loss be-
tween the wholesale price and the price at which the

remaining stock had been sold reduced the net profits and that appellee had been overpaid by the amount of his percentage thereof, for which appellant should be allowed an offset in the amount pleaded.

The appellee, however, testified that by the terms of the employment contract he was to receive, in addition to his monthly salary, the commission on the profits on goods sold at retail, and that there was no agreement that he was to bear any portion of the loss in question.

The jury evidently believed appellee's evidence and returned their verdict accordingly, and the court approved the verdict by rendering judgment for the amount so found. Where an issue of fact, upon which the evidence is conflicting, determines the verdict and judgment, and a jury returned a verdict thereon which was approved by the trial court, and judgment has been accordingly rendered, this court will not disturb the judgment. So frequently has the question involved been decided by this court that a citation of authorities is unnecessary.

The judgment is affirmed.